**Lan SONG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71710.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Shun C. Chen, Esq., Law Offices of Shun C. Chen, Irvine, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, DOJ—U.S. Department of Justice Civil Division/Torts Branch, San Francisco, CA, Mark C. Walters, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Lan Song, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her request for asylum, withholding of removal and protection under the Conven-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tion Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand.

The BIA made no determination on the Immigration Judge's (IJ's) adverse credibility determination, but instead denied relief on the merits. We remand for consideration of the IJ's adverse credibility determination. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). If the BIA determines that Song is credible, our review of the record suggests that she may have demonstrated past persecution. *See Prasad v. INS*, 101 F.3d 614, 617 (9th Cir. 1996). We do not reach Song's eligibility for withholding of removal or protection under CAT.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.